19213

MID-CONTINENT REFRIGERATOR COMPANY, Appellant, v.
W. E. DEAN, d/b/a W. E. Dean Party Store, Respondent.

(180 S. E. (2d) 892)

*Clyde O. Ackerman, Esq.,* of Walterboro, *for Appellant,*

*J. N. Malphrus, Esq., for Respondent,*

April 29, 1971.

Littlejohn, Justice:

This appeal is from a jury verdict for the defendant lessee in a suit alleging breach of a written lease for a refrigerator and demanding payment of the amount called for in the contract. We reverse.

The basic issue for determination on this appeal is: Should the trial judge have directed a verdict in favor of Mid-Continent, the lessor?

The facts may be summarized as follows:

Mid-Continent entered into a written lease agreement with W. E. Dean on September 26, 1967 for a display-type refrigerator. The agreement provided that Dean would pay, as rent, thirty-six monthly installments of $48. By the terms of the lease Dean could renew for five succeeeding terms, but would never take title to the refrigerator; title remained continuously in the lessor.

Dean paid $96, representing payment for two months, on the date the lease agreement was executed. On November 25, 1967 he paid an additional month's rent of $48. For purposes of this appeal the significant paragraph of the lease is No. 7, entitled "Repairs." It reads:

"Lessee shall inspect the equipment within 48 hours after its receipt; unless within said time, lessee notified lessor, stating the details of any defects, lessee shall effect and bear the expense of all necessary repairs, maintenance, operation and replacements."

Some time after the execution of the lease agreement the refrigerator was delivered by a motor lines which left it at

Dean's store site in its plywood container. It was not inspected within 48 hours of delivery. About 30 to 45 days later, when the building in which it was to be used was completed, the refrigerator was placed inside and a serviceman was called to uncrate and install it. This was the first time it was inspected, and when installed it would not refrigerate. Two days later Dean notified the appellant that the refrigerator was defective and asked for instructions on returning it. Appellant refused to take the refrigerator back and by letter dated December 27, 1967, told Dean "Again, if you need service on the above equipment, we authorize you to to get in touch with A-L Walden's Refrigeration Service, 1902 Habersham, Savannah, Georgia." About that time Dean bought another refrigerator from another company. Several months later Mid-Continent took the refrigerator back.

It is uncontested that the contract was signed and properly executed. Dean asserts that he did not read it.

The parties entered into this contract of their own volition. It is inescapable that Dean agreed to pay for repairs unless defects were discovered as a result of an inspection within the first 48 hours. He did not read the contract which, under the facts before this court, is no excuse for his failure to comply.

In *Charles v. Canal Insurance Co.*, 238 S. C. 600, 121 S. E. (2d) 200 (1961), we stated that:

"It is elementary and needs no citation of authority that the function of courts is to adjudge and enforce contracts as they are written and entered into by the parties. The court cannot make them for the parties. When such contracts are capable of clear interpretation, the court cannot exercise its discretion as to the wisdom of such contract or substitute its own for that which was agreed upon where its provisions are clear, unambiguous and free from doubt."

The judge charged the jury that the most it could find in favor of the plaintiff was $336. There was no exception to that charge.

We conclude that the trial judge should have directed a verdict for that amount instead of submitting the issues to the jury. Admittedly, defendant's position has much appeal, but he entered into a contract which, as a matter of law, was binding. The case is remanded to the lower court for the entry of judgment under Rule 27 in the amount of $336 in favor of the plaintiff.

Reversed.

Moss, C. J., and Lewis, Bussey and Brailsford, JJ., concur.